UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TAMMI S., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing duties and functions not reserved to the Commissioner of Social Security, <br><br> Defendant. | No. CV 17-8195-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Tammi S. appeals from the Social Security Commissioner's final decision denying her application for Supplemental Security Income ("SSI").[1] The Commissioner's decision is reversed and this case is remanded.

## I. BACKGROUND

Plaintiff filed an application for SSI on April 18, 2014, alleging disability beginning February 2, 2004. See Dkt. 16, Administrative Record ("AR") 189-

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

96. After being denied initially and upon reconsideration, Plaintiff timely requested and received a hearing before an Administrative Law Judge ("ALJ") on June 1, 2016. See AR 123-77. At the hearing, the ALJ heard testimony from Plaintiff, an impartial medical expert, and an impartial vocational expert ("VE"). See AR 39-84.

On July 21, 2016, the ALJ issued an unfavorable decision finding Plaintiff not disabled. See AR 18-38. The ALJ determined that Plaintiff had the severe impairments of psychotic disorder (schizoaffective disorder), seizure disorder, drug dependence, and human immunodeficiency virus ("HIV"). See AR 24. The ALJ also found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations: could lift/carry 20 pounds occasionally and 10 pounds frequently; could stand/walk/sit for 6 hours in an 8-hour workday; could not perform detailed or complex tasks; could have occasional contact with co-workers and supervisors; could not work with the general public; was restricted from work involving unprotected heights, moving machinery, or other workplace hazards; and could not drive a motor vehicle. See AR 26.

Based on Plaintiff's RFC and the VE's testimony, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including cleaner/housekeeper, Dictionary of Occupational Titles ("DOT") 323.687-014; marker, DOT 209.587-034; and routing clerk, DOT 222.687-022. See AR 31-32. Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. See AR 32-33.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-7. This action followed. See Dkt. 1.

## II. DISCUSSION

The parties dispute whether the ALJ properly considered (1) the medical evidence and (2) Plaintiff's testimony. See Dkt. 19, Joint Statement ("JS") at 4.

### A. Medical Opinion Evidence

Plaintiff contends the ALJ improperly discounted the opinion of her treating physician, Dr. Derrick Butler. See JS at 4-10. Despite reciting Dr. Butler's diagnostic findings and limitations, see AR 28-29, the ALJ later gave "moderate weight" to Dr. Butler's opinions without explanation, AR 30. The Commissioner concedes that this was error, but maintains it was harmless. See JS at 10-14; see also Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995) (noting that the contradicted opinion of a treating physician may be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record").

The Ninth Circuit has explained that ALJ errors in Social Security cases are harmless "if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055-56 (9th Cir. 2006)). Here, the Court cannot be confident that ALJ's error was not inconsequential to the ultimate nondisability determination, because fully crediting Dr. Butler's opinions could have altered Plaintiff's RFC assessment and led to a determination of disability. For instance, Dr. Butler opined that Plaintiff seizures would cause her to be absent from work more than four times a month, see AR 562, 566, a limitation that the VE said would preclude all work, see AR 80.

The Commissioner contends that the error is harmless because Dr. Butler's opinions are inconsistent, undermined by his own conservative

treatment, and not entirely supported by the medical evidence of record. See JS at 11-14. But these reasons were not offered by the ALJ, and this Court is "constrained to review the reasons the ALJ asserts" and may not affirm "on a ground that the agency did not invoke in making its decision." Stout, 454 F.3d at 1054 (citations omitted). "Consequently, if the Commissioner's request that we dismiss the ALJ's error as harmless invites this Court to affirm the denial of benefits on a ground not invoked by the Commissioner in denying the benefits originally, then [the Court] must decline." Id. (citation omitted). The Court will not impute reasons to the ALJ's decision where none exist, and it is not as if Dr. Butler's limitations mirrored another physician's whose opinion the ALJ persuasively rejected. Accordingly, the ALJ's error was not harmless, and remand is warranted on this issue.

**B.  Subjective Symptom Testimony**

At the hearing, Plaintiff testified at length regarding the nature and extent of her conditions. See AR 53-75. Plaintiff stated she suffered from HIV-associated neuropathy, diarrhea, and insomnia. See AR 54-55. She explained that she suffers two or three seizures a month, which cause her to lose consciousness and requires a day recovery. See AR 55. Plaintiff testified that her main problem was numbness in her hands. See AR 56, 59, 60. Plaintiff stated that she could sit for 30-40 minutes, stand for 15 minutes, lift/carry 5 pounds, and focus for 10 minutes. See AR 58-61. Plaintiff also submitted a Function Report, which mirrored the issues alleged in her testimony. See AR 233-40. The ALJ found that Plaintiff's allegations were less than fully credible. See AR 27.

   **1.  Applicable Law**

An ALJ must make two findings before determining that a claimant's pain or symptom testimony is not credible. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an

underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Treichler v. Comm'r of Soc. Sec., 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." Id. In weighing credibility, the ALJ must consider many factors, including: "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements, and other testimony . . . that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment to follow a prescribed course of treatment; and (3) the claimant's daily activities." Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).

2. **Analysis**

The ALJ discredited Plaintiff's testimony largely because the objective medical evidence did not support her subjective complaints. See AR 27-28, 31. This finding is supported by substantial evidence. During the hearing, Plaintiff testified that she could lift no more than five pounds, be on her feet for 15 minutes, and had significant numbness in her hands. See AR 56, 59. Yet Plaintiff's physical examinations were unremarkable. See AR 550, 556-67, 598, 613, 639, 692-93, 705, 720, 740, 752, 758, 773, 798, 803, 814, 825, 831. Plaintiff's extremities exhibited no evidence of clubbing, cyanosis, edema, or tremors, and she had a normal gait, full motor strength, and normal sensation. See id. In addition, Plaintiff testified that she had "[t]wo or three" seizures a month. See AR 55. But there appears to be no medical documentation supporting that claim, and, in fact, Dr. Butler's April 1, 2015 treatment note documents that Plaintiff reported she had no seizures since her May 2014 visit. See AR 798.

However, an ALJ may not discredit a claimant's testimony as to the severity of symptoms for just that reason alone. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence."). The ALJ offered two other reasons for discrediting Plaintiff's testimony and statements. First, the ALJ stated that Plaintiff's daily activities suggested a level of functioning "higher than her allegations." AR 27. Second, the ALJ noted that the medical evidence showed "recent and reasonable treatment for HIV and no significant mental health treatment." AR 31. Neither of these additional reasons meets the clear and convincing standard.

As to Plaintiff's daily activities, while it is true that "[e]ngaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination," Ghanim v. Colvin, 763 F.3d 1154, 1165 (9th Cir. 2014), the limited activities Plaintiff described such as playing games on her cell phone, using public transportation, and paying bills do not establish a specific conflict with her reported limitations. Indeed, "[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits," and "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); see also Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (noting that "mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability"). The activities described by Plaintiff are not similar to typical work responsibilities; nor are they inconsistent with her alleged symptoms of confusion and memory problems. See Diedrich v. Berryhill, 874

F.3d 634, 643 (9th Cir. 2017) (concluding that claimant's daily activities did not serve as clear and convincing reason to discount claimant's testimony because they were not transferable to work environment).

The Commissioner also unpersuasively contends that the ALJ's statement about Plaintiff's HIV and mental health treatment demonstrates that Plaintiff's treatment was "conservative," which can be a basis for discounting a claimant's testimony. See JS at 25 (citing Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007) ("[E]vidence of conservative treatment is sufficient to discount a claimant's testimony regarding the severity of an impairment.") (citation omitted)). But the ALJ does not identify "conservative" treatment for HIV; to the contrary, Plaintiff's HIV treatment is characterized as "recent and reasonable." The ALJ does not explain how this treatment constitutes a reason to discount Plaintiff's testimony.

As to Plaintiff's failure to seek mental health treatment, a claimant's unexplained or inadequately explained reasons for not seeking treatment is a valid factor the ALJ may consider in discounting the claimant's testimony. See Chaudhry v. Astrue, 688 F.3d 661, 672 (9th Cir. 2012). But an ALJ may not draw any inferences from a claimant's failure to seek treatment without considering any explanation. See Carmickle v. Comm'r, Social Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008). Here, Plaintiff told the ALJ that she "couldn't see [a treating psychiatrist] anymore" after her insurance changed. AR 66. Plaintiff explained that she then visited a different provider "and all they did was give me medication." Id. An inability for afford treatment or lack of insurance is a valid reason for not seeking greater treatment. See Trevizo v. Berryhill, 871 F.3d 664, 680-81 (9th Cir. 2017). Finally, the Ninth Circuit has noted that it is "a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation."

Garrison v. Colvin, 759 F.3d 995, 1018 n.24 (9th Cir. 2014) (quoting Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996).

In sum, other than an absence of objective medical evidence, the ALJ did not offer sufficient clear and convincing reasons for rejecting Plaintiff's testimony.

### C. Remand is Warranted

A remand is appropriate where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003). Here, the Court finds that remand is the appropriate remedy to allow the ALJ the opportunity to correct the above-mentioned deficiencies in the record.

### III. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is reversed and this action is remanded.

Date: March 15, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge